LOKEN, Circuit Judge,
concurring.
Although I agree that appellants have insufficient evidence DHS violated 42 U.S.C. *919 § 1396a(a)(30), I write separately because I do not believe appellants have stated a claim under § 1983. Their cause of action is premised on Wilder v. Virginia Hasp. Ass’n, 496 U.S. 498, 524, 110 S.Ct. 2510, 2525, 110 L.Ed.2d 455 (1990), in which the Supreme Court held that the Boren Amendment, § 1396a(a)(13), created an enforceable right “to have the State adopt rates that it finds are reasonable and adequate rates to meet the costs of an efficient and economical health care provider.” In Suter v. Artist M., 503 U.S. 347, 359, 112 S.Ct. 1360, 1368, 118 L.Ed.2d 1 (1992), the Court explained that Wilder turned on the fact that the Boren Amendment “actually required the States to adopt reasonable and adequate rates,” and “set forth in some detail the factors to be considered in determining the methods for calculating rates.”
Like the Boren Amendment, § 1396a(a)(30) “requires each state to produce a result, not to employ any particular methodology for getting there.” Methodist Hosps., Inc. v. Sullivan, 91 F.3d 1026, 1030 (7th Cir.1996). One result — the one providers such as appellants care about — is the establishment of reimbursement rates that “are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographical area.” § 1396a(a)(30(A). That is the result the state agency failed to produce in Arkansas Med. Soc’y, Inc. v. Reynolds, 6 F.3d 519 (8th Cir.1993); we therefore held that the challenged rate violated federal law.
Here, on the other hand, appellants do not claim that Minnesota’s rates violate § 1396a(a)(30) standards. They challenge DHS’s “methodology” for assisting in rate development. However, this methodology was approved when the responsible federal agency approved Minnesota’s plan. Appellants challenge process, not result. Their asserted right is “merely a procedural one,” and the procedural interest they assert is so “vague and amorphous” as to be “beyond the competence of the judiciary to enforce.” Wilder, 496 U.S. at 509-10, 110 S.Ct. at 2517-18.
That appellants have failed to state a § 1983 caúse of action is confirmed by recalling that the Minnesota Legislature, not DHS, sets the reimbursement rates in question. Arkansas Medical Society involved agency ratemaking, and our decision applied administrative law principles (perhaps incorrectly, but that is a digression I need not pursue) in deciding that the rates were not adopted in compliance with § 1396a(a)(30). Federal courts do not undertake administrative law review of legislative action, certainly not the action of a state legislature. Review of statutory rates must be limited to whether their result in the marketplace is consistent with the substantive requirements of federal law. Thus, appellants would engage us in an exercise in futility — review of the “methodology” by which DHS gathers and feeds market information to the Legislature which the Legislature may then ignore when adopting statutory rates. In reality, of course, appellants want the federal courts to force DHS to gather data that appellants’ lobbyists can use in persuading the Legislature to raise the rates. That is not the proper basis for a § 1983 claim.